# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2019

Lyle W. Cayce
Clerk

No. 17-60760
Summary Calendar

————

ADOLFO ANTONIO VIGIL-REYES; ELSIS ABIGAIL VIGIL-REYES; LESLY GISELLE REYES-VIGIL,

Petitioners

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 790 710
BIA No. A206 835 284
BIA No. A206 835 285

————

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Adolfo Antonio Vigil-Reyes (Vigil), his sister, and his niece, natives and citizens of El Salvador, seek review of the Board of Immigration Appeals' (BIA) dismissal of their appeal of an immigration judge's (IJ) denial of asylum and withholding of removal.    Petitioners contend the evidence compels the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

conclusion they possessed a well-founded fear of persecution—because they refused to become gang members—that is both subjectively and objectively reasonable on account of their membership in a particular social group, which they identified as "the family of Adolfo Antonio Vigil-Reyes".  Petitioners also contend they are entitled to humanitarian asylum.

The BIA's findings of fact are reviewed for substantial evidence. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) (citation omitted). "Under substantial evidence review, this court may not reverse the BIA's factual findings unless the evidence compels it."  *Id.* at 536–37 (citations omitted).  Asylum may be granted to "an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion".  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted); 8 U.S.C. § 1101(a)(42)(A).  In contrast, an applicant for withholding of removal must demonstrate "a clear probability", upon return to his native country, of persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion.  *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16.

Evidence provided by petitioners, which included testimony of Vigil, does not compel a decision contrary to the determination they did not qualify for asylum.  *See Wang*, 569 F.3d at 536–37; *Tesfamichael v. Gonzales*, 469 F.3d 109, 113, 116 (5th Cir. 2006).  Accordingly, they also did not meet the higher "clear probability" standard required for withholding of removal.  *See Roy*, 389 F.3d at 138.

Finally, petitioners did not challenge the IJ's denial of humanitarian asylum as an alternative remedy under 8 C.F.R. § 208.13(b)(1)(iii)(B) in their

No. 17-60760

appeal to the BIA.  The issue is unexhausted, and our court, therefore, lacks jurisdiction to consider it.  *See Roy*, 389 F.3d at 137 (citing *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001)); *Omari v. Holder*, 562 F.3d 314, 324–25 (5th Cir. 2009); 8 U.S.C. § 1252(d).

DISMISSED, in part, for lack of jurisdiction and DENIED, in part.